NEW-YORK,
May, 1831.

Life and Fire
Ins. Co.
v.
The Mechanic
Fire Ins. Co.
of N. Y.

THE LIFE & FIRE INSURANCE COMPANY *vs.* THE MECHANIC FIRE INSURANCE COMPANY OF NEW-YORK.

A *president* of an incorporated company cannot *borrow money* in the name of the company and pledge its responsibility, unless authorized by the charter of the company, or by a resolution or by-law of the directors.

A corporation authorized to lend money only *on bond and mortgage*, cannot recover money *lent* by the corporation, except a bond and mortgage be taken for its re-payment; every other security, as well as the contract itself, is void, and not the basis of an action.

If the officers of a company to whom the business of making loans appropriately belongs make an illegal loan, the company is bound by their act.

The refusal to produce books or papers upon notice given, does not warrant the presumption that if produced they would shew the facts to be as alleged by the party giving notice; the only effect of such refusal is, that *parol evidence* of their contents may be given; and if such secondary evidence be imperfect, vague, and uncertain, as to dates, sums, &c. every intendment and presumption shall be against the party who might remove all doubt by producing the higher evidence. Some general evidence of such parts of their contents as are applicable to the case must first be given, before any foundation is laid for any inference or intendment on account of their non-production.

An *exception to a charge of a judge*, after a jury have withdraw, will not be received.

THIS was an action of *assumpsit,* tried at the New-York circuit in May, 1829, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The counsel for the plaintiffs, in opening this cause, stated that the plaintiffs' claim was principally for money lent by the plaintiffs to the defendants, and for money had and received by the defendants to the plaintiffs' use. The counsel for the defendants objected that the parties, by their charters, had not power to engage in transactions of the kind, and that consequently such transactions being illegal, the plaintiffs were not entitled to recover money so *loaned or received.* The judge overruled the objection. The plaintiffs then called a witness, who testified that at various times since 1822, *loans* were made by the plaintiffs to the defendants; the whole amount loaned was about $18,009, of which, shortly previous to the 18th July, 1826, there remained due a balance of upwards of

NEW-YORK,
May, 1831.

Life and Fire
Ins. Co.
v.
The Mechanic
Fire Ins. Co.
of N. Y.

$13,000 ; the loans were made part in cash and part in checks drawn by the secretary of the plaintiffs ; the monies loaned were paid to John Franklin, the *president* of the Mechanic Fire Insurance Company, who was also a director of the Life and Fire. The witness stated that he knew nothing of the authority of Mr. Franklin to borrow money for the defendants, except that he was their president. The plaintiffs having given notice to the defendants to produce their blotter for the year 1822, their pass book and check book with the Franklin Bank for the same year, John Franklin's pass book and check book with the same bank for that year, and the cash book of the defendants for that year, or that in default of producing such books parol evidence of their contents would be given, now called for the production of the books, with which call the defendants declined to comply ; whereupon the plaintiffs rested. The judge charged the jury that the main question to be decided by them was whether John Franklin was duly constituted the agent of the defendants ; that such agency might be proved, either by shewing that as president he was authorized by the charter to borrow money, or that he was so authorized by some resolution of the board of directors ; that his agency might also be established by showing that the acts of Franklin had been recognized by the defendants ; that if the jury should determine that Franklin was not such agent of the defendants, then the plaintiffs were not entitled to recover. The counsel for the plaintiffs asked the court to charge the jury that the *refusal* of the defendants to produce the books called for, was presumptive evidence that in case the books were produced, they would shew a receipt of the money by the defendants. The judge charged the jury that they might give such weight to the refusal to produce the books as they thought proper ; to which charge the plaintiffs excepted. After the jury had withdrawn, and before they returned with their verdict, the counsel for the plaintiffs excepted to the charge of the court, in the words following: " We intend to except, and do except to so much of the judge's charge as imposes upon the plaintiffs the necessity of proving that John Franklin was an agent of the defendants ; that he being *president* of the defendants, representing himself as

agent of the defendants, the court ought to have charged the jury that he was *prima facie* to be considered agent." The judge declined allowing such exception, because taken after the jury had withdrawn. The jury found for the defendants. The plaintiffs moved for a new trial.

NEW-YORK,
May, 18 ;1.

Life and Fire
Ins. Co.
v.
The Mechanic
Fire Ins. Co.

*D. Selden*, for the plaintiffs.

*H. R. Storrs*, for the defendants.

*By the Court*, SUTHERLAND, J. This case comes before the court upon exceptions taken by the plaintiffs to the charge of the judge. I think the charge was substantially correct. It was incumbent upon the plaintiffs to give some evidence of the authority of Mr. Franklin to borrow money for the defendants. Such authority is not implied from his appointment as president; as such, he is merely the presiding officer of the board of directors, chosen by them from their own body, and has no more authority from the charter to bind the company by any of his acts, than any other director has; his powers are such only as the board of directors, either by their by-laws or otherwise, think proper to confer upon him. No evidence of any such delegation of power was given. It does not appear that borrowing money in this manner was one of the ordinary powers exercised by the president, or that the company ever knew of, or ratified any of these acts, or similar transactions in relation to other companies or individuals. To hold the defendants responsible upon this evidence, would be to establish the principle that the presidents of all the incorporated companies in the state had authority, by virtue of their offices merely, without reference to the powers actually conferred upon them, to pledge the responsibility of the companies to any extent—a doctrine at war with fundamental principles, and which would be utterly subversive of the rights of all the stockholders in these public associations.

There is not a particle of evidence that the defendants ever actually received any portion of this money. It is said, however, that this fact would have appeared, if the books called for had been produced, and that the judge erred in not charging the jury that the refusal of the defendants to pro-

NEW-YORK,
May, 1831.

Life and Fire
Ins. Co.
v.
The Mechanic
Fire Ins. Co.
of N. Y. duce those books, afforded presumptive or *prima facie* evidence of that fact. I do not understand the rule to be, that a party has a right to infer, from the refusal of his adversary to produce books or papers which may have been called for, that if produced, they would establish the fact which he alleges they would prove. The rule is this: The party in such a case may give secondary or parol proof of the contents of such books or papers, if they are shewn or admitted to be in the possession of the opposite party ; and if such secondary evidence is imperfect, vague, and uncertain as to dates, sums, boundaries, &c. every intendment and presumption shall be against the party, who might remove all doubt by producing the higher evidence. But they must be shewn to be in his possession, and some general evidence of such parts of their contents as are applicable to the case must first be given, before any foundation is laid for any inference or intendment on account of their non-production. The cases cited by the plaintiffs' counsel shew this to be the true rule. 18 Johns. R. 331. 4 Burr. 2484.

The exception raised to the charge, after the jury had withdrawn, was properly excluded by the judge ; it came too late ; it would not, however, have varied the case, as it is substantially embraced in the first exception. This disposes of the bill of exceptions, and the motion for a new trial must be denied.

But there is a fundamental objection to the plaintiffs' recovery. They have no authority by their charter to loan money except on bond and mortgage. Laws of 1822, p. 54. They cannot make a valid contract of loan in any other manner ; and therefore not only the security which may be taken, but the contract itself is void, and cannot be the foundation of an action. Where a corporation is prohibited from discounting notes, or taking any other particular security, but have a general power given them by their charter to loan money, if they make a loan and take the prohibited security, the security is void, but the contract of loan is valid, and the money may be recovered under the general counts ; but where not only the security, but the contract also is illegal, it cannot be enforced. 19 Johns. R. 1. 8 Cowen, 20. 3 Wendell, 583. It was contended, however, by the counsel for the plaintiffs, that if the

loan was illegal and unauthorized, it must be considered the act of the agents or officers of the company, and not of the company itself; and that they therefore ought to be allowed to recover back their property thus improperly disposed of. This would be a most convenient distinction for corporations to establish ; that every violation of their charter, or assumption of unauthorized power, on the part of their officers, although with the full knowledge and approbation of the directors, is to be considered the individual act of the officers, and is not to prejudice the corporation itself. There would be no possibility of ever convicting a corporation of exceeding its powers, and thereby forfeiting its charter or incurring any other penalty, if this principle could be established. It was not pretended that this was not an ordinary business transaction on the part of the plaintiffs, conducted in the usual manner, and by the officers to whom it appropriately belonged. The witness states that the money was loaned by the plaintiffs. If it were proved, therefore, that Franklin was the authorized agent of the defendants in borrowing the money, it appears to me the plaintiffs could not recover it back.

Motion for a new trial denied.