By the Court. Hoffman, J.
The case arises in this' form, 1st. upon one exception taken to the admission of evidence; 2d. upon a refusal to nonsuit the plaintiff; 3d. upon one exception taken to the charge of the Judge.
1st. The ruling of the Judge was excepted to, for allowing evidence that the company had agreed that the receipts given by Meynen, through his clerk, should be without prejudice to the claim upon the company for the proceeds of the sale at auction.
The defendants do not include this exception in their present points, and we apprehend the objection was not entitled to any weight.
2d. It is urged that the motion for a nonsuit ought to have been granted. This motion was made after the evidence, on both sides, had closed. When the case was heretofore before the General Term, the decision was, “that, irrespective of any agreement to the contrary, the appointment of an auctioneer, to sell the property in question, under the provisions of the policy, must be deemed, in law, to be the joint act of the parties; and, of course, the defendants would not be responsible for his failure. That the plaintrSj therefore, could not succeed in the action, without showing that the defendants took the goods as their own, and sold them as their own, and that the evidence fell far short of making out that case.” A new trial was thereupon granted.
This, then, was the precise question submitted on the present trial, and by the Judge who delivered the opinion of the court upon the former occasion. It appears to us that the law of the case, so far, was then, and in that manner, settled. If the acts of Satterthwaite bound the company, there was evidence enough for the jury to find as they did; at least, their verdict was not so against evidence as to require that the case should be sent back to them.
The case does really, then, depend upon the determination of the next question, viz.: that as to the powers of the vice-president.
3d. The Chief-Justice charged, “ that any acts of Mr. Satter *5 tliwaite, as vice-president of the company, accepting the ownership of the goods, were binding on the company.” To this part of the charge an exception was taken. We have not, in this case, the charter before us, nor any thing which tends to define the powers given by it, or by any by-law, to the vice-president. Nor have we any proof of an exercise of power, so as to raise the presumption of its being conferred, or of any ratification, or adoption of acts of a similar nature.
We have the fact before us, that the vice-president acted in the matter (sometimes with the secretary) on behalf of the company; and it was not questioned, on the former trial, nor has it been questioned here, that the office and duty of effecting the separation and sale of the portion damaged partially, was properly within the scope of his power, so far as the company had any thing to do with it. And we may observe, that the law of the case seems to be, that as both parties were interested, the auctioneer was the agent of both parties in making the sale. But the question is very different, whether such a power involves the right of actually assuming the ownership of the goods, and binding the company to a responsibility for them, and for the default of an auctioneer.
In Beatty v. The Marine Insurance Company, (2 John. Rep. 109,) the charter was in proof, and it was shown that the act in question,(acceptance of an abandonment,) could only be done with the consent of at least four directors, with the president or two assistants, or a plurality of them. The assent of the president and assistants was held insufficient.
Norton v. The National Bank, (1 Hill, 572,) only recognized the general rule, that the acts of a director or other officer of a corporation, unless official or in respect to his agency, are no more operative as against the institution than the acts of any ordinary corporator, and these are no more so than the acts of a stranger.
Hodges v. The City of Buffalo, (2 Denio, 110,) also cited, was a case of the want of power of the corporation itself to do the act in question.
The Life and Fire Insurance Company v. The Mechanics' Fire Insurance Company, (7 Wendell, 31,) involved the proposition that a president of a company, by virtue of his office only, is not empowered to borrow money on its account; some authority to do so must be proven.
*6 In Hanbury v. The Alleghany Mutual Insurance Company, (4 Barry Penn. Rep. 187,) there was the following instrument: “This certifies that D. H. Eddy, of Warren County, Pa., is appointed an agent of the Alleghany County Mutual Insurance Company, and is authorized to receive applications for insurance, and the premium thereon, on which applications a policy will issue, or the money be immediately returned. L. Wilmouth, president.”
After the plaintiff had closed, the defendant proposed to prove that at the time the agent requested him to become a member, the defendant was assured that the company was not insuring in the city of Pittsburg or other large cities; and, that the defendant said, “ If such is the case I will become insured, and a member of said company,” and gave his deposit note accordingly.
This evidence was objected to, and overruled by the court, and defendant excepted. He then further offered to prove that, at the time the president appointed Mr. Eddy the agent of the company, he said they would not, or did not, insure in the city of Pitts-burg; that the company was intended for the county, and not for the city of Pittsburg, and that the agent so represented to the defendant, at the time of giving the note in question, and becoming a member of the company, and it appearing by the evidence that the company did, at the time and afterwards, insure in the city of Pittsburg. This offer the court also rejected, and sealed a bill of exceptions. The court above was of opinion that the Judge was right in rejecting the evidence offered.
In our judgment the plaintiff has failed in establishing the fact that Satterthwaite had sufficient authority to bind the company by assuming the ownership of the goods in question.
There must be a new trial.