By the Court.
Bosworth, Ch. J.
—The International Insurance company cannot be divested of its title to the note in question, nor can any third person acquire a title to it, and a *604 right to sue and recover upon it, until a transfer of it has been ■made by the company; or until it has been indorsed by some person authorized, or who has been held out by the company as authorized, to indorse it in the name of the company.
The company did not authorize its transfer. No resolution or by-law has been produced which authorizes the president to negotiate its notes, or to indorse them in the name of the company. There is no evidence that he had previously done such acts.
The referee has not found, as a fact, that, the company indorsed this note to the plaintiff. The complaint alleges, that the International Insurance Company did indorse and deliver the note to the plaintiff. The answer takes issue on this allegation, and alleges, that the indorsement of it by the president of the company, in the name of the company, was an act done, without any authority so to do, from the trustees or directors of the company, and without any valid authority whatever.
The referee has found, that there was no vote of the board of directors authorizing the loan, which, this note, with others, was transferred to secure, .or for transferring the notes as collateral security.
This case, therefore, as it is now presented, is one in which notes, belonging to this insurance company, have been negotiated, without any authority from the company.
The note being, by its terms, payable to the order of the company, no indorsee of it can acquire any title to it, without at least showing, that according to the usual practice of the company, its notes were negotiated by indorsing them by its president, or that by its course of business he had been held out as a proper person to indorse in their behalf its notes, for the purpose of negotiating them.
Such is not found by the referee to be the fact, nor was it proved at the trial.
Under the charter, by virtue of his powers as president, he had no authority, to negotiate its notes, or to indorse them, in the name of the company. He has no more authority from the charter, by virtue of his appointment as president, to bind the company by any of his acts, than any trustee of the company. (Life and Fire Insurance Co. v. The Mechanic Fire Insurance Co., 7 Wend., 31, 33.)
*605 An insuperable obstacle to a recovery by the plaintiff in this case is that, it not only was not within the actual power, but it was not within the apparent power of the president, to make notes, belonging to and payable to the order of the company, negotiable by his indorsement, or to negotiate them at all. Proof of one or the other of these facts is essential to the plaintiff’s right to recover, as well as that, they are Iona fide holders for value. (Farmers and Mechanics' Bank of Kent Co. v. Butchers and Drovers' Bank, 16 N. Y. R., 125.)
The judgment must be reversed, and a new trial granted, with costs to abide the event.
Judgment accordingly.