By the Court—Hoffman, J.
The law of the case was, to a great extent, settled when it was before the General Term, in June, 1856. (6 Duer, 1.) The rule declared at a previous term, was recognized, that the plaintiffs could not succeed in the action without showing that the defendants took the goods as their own, and sold them as their own.
The learned Judge, at the trial, charged the Jury in accordance with this view: “ If the Jury find that the plaintiff gave up the goods to the defendants, to be sold by them, and the Company assumed the sale and control of the goods as their own, and caused them to be sold on their own account, or if they were delivered upon an arrangement that the Company should take the goods and make the sale at their own risk—if in this sense the goods were abandoned to them, and Avere accepted by them, then they are liable to the plaintiff for the proceeds, unless the arrangement was made without competent authority.” The learned Judge also charged distinctly, in conformity with the principles established by the General Term, in respect to the authority of Mr. Satterthwaite, and he submitted the case to the Jury as follows: “ It is for the Jury to say, upon the whole evidence, whether the arrangements, alleged by the plaintiff, were made, and the Assistant or Vice-President had authority, or whether the acts of the Vice-President were ratified, approved and sanctioned by the Company.” He called their attention to the evidence tending to establish, or bearing upon one or other of these propositions.
Ho exception was taken to the charge, or any part of it, and no exception for not charging according to either of the requests to charge.
Thus the case is before us upon two exceptions only— one for the refusal of motions to dismiss the complaint; the other as to the admission of evidence relating to explanations of certain receipts.
The first motion Avas made after the plaintiff had rested. The evidence then given by the defendant's was the testi *288 mony of Mr. Lyell and of Mr. Sattertliwaite, a stipulation signed by the attorneys, certain acts of the Legislature, and an admission as to the original complaint in the action and its contents.
We are of opinion that there was sufficient testimony before the Jury when the motion was first made, as well as when it was renewed after the defendants rested, to justify the Judge in submitting the questions to the Jury in the manner he did.
The other exception arises in this manner: Receipts of Spies, Christ & Co., signed by Meynen, their clerk, were proven, and one was for $250, in full for balance of par average and per Charlotte Weed. The evidence of Meynen was read from a printed case. He had been asked whether at the time of these receipts, there was not an agreement with the defendants that the receipts of those payments should not prejudice any claim the owner of the hardware had against the Company for the proceeds of the sale at auction. The Counsel of the plaintiff read a stipulation that the testimony of Meynen might be read from the printed case on subsequent trials, with the same effect as if the witness was present, and gave his testimony. An objection was made, overruled, and the defendants excepted.
It appears to us that this point is covered by what has been said by the Court before. (6 Duer, 4.) “ The ruling of the Judge was excepted to, for allowing evidence that the Company had agreed that the receipts given by Meynen, should be without prejudice to the claim upon the Company for the proceeds of the sale at auction. The defendants do not include this exception in their present points, and we apprehend the objection was not entitled to any weight.”
Judgment affirmed, with costs.