MIDDLESEX COUNTY BANK v. HIRSCH BROS. VENEER MANUF'G CO.

*(City Court of New York, General Term.   March 27, 1889.)*

CORPORATIONS—POWER OF AGENTS—INDORSEMENTS.

In an action to charge a corporation as indorser of notes indorsed in its name by "L. HIRSCH, Manager," a judgment against the corporation is unauthorized, in the absence of evidence of Hirsch's authority, or that the notes related to the corporation's business, or that it ever received any value for or benefit from the indorsement.[1]

Appeal from trial term.

Argued before McADAM, C. J., and NEHRBAS and EHRLICH, JJ.

*Horwitz & Hershfield,* for appellant.   *Morris & Savage,* for respondent.

PER CURIAM.   The defendant, a corporation, is sought to be charged as indorser of two promissory notes held by the plaintiff.   The indorsements were made in the name of the defendant, by "L. HIRSCH, Manager."   There is no proof in the case that the notes concerned any business of the corporation; that it ever received any value for or benefit from the indorsement; or that Mr. Hirsch, the manager, had power to bind it in the form stated.   On the contrary, it would rather seem that the corporation received no benefit from the transaction, and that it did not concern the corporation business,—a circumstance negativing the existence of authority in Hirsch, even as manager, to bind the corporation as indorser on negotiable paper in which it had no interest or concern.   There must be a new trial of the action, at which the plaintiff may perhaps supply the required proof.   See Mor. Priv. Corp. § 423; *Bank* v. *Bank,* 13 N. Y. 309; *Insurance Co.* v. *Insurance Co.,* 7 Wend. 31; *Alexander* v. *Cauldwell,* 83 N. Y. 480.   Judgment reversed, and new trial granted, with costs to the appellant to abide the event.