JAMES A. ELLIS, Defendant in Error, *v.* JAMES McPIKE, Plaintiff in Error.

1. *Practice, civil — Trials — Evidence, preponderance of, determined by jury — Instructions should cover the whole case.* — It is the province of the jury to determine on which side the preponderance of evidence attaches, but courts by their instructions should cover the whole case and take in all the testimony.

*Error to Marion Circuit Court.*

*Dryden & Dryden*, for plaintiff in error.

The court erred in refusing to give the seventh instruction asked by defendant. This instruction embraces the entire issue in the pleadings, viz. : the evidence of the indebtedness of D. D. Ellis to Mason, on the note and contract for rent, and the agreement in the contract of purchase between plaintiff and defendant that defendant should pay the balance of the purchase price to said Mason on said indebtedness. These facts being found, the defendant was entitled to a verdict on the issues found in the pleadings ; therefore this instruction should have been given.

*Anderson & Boulware*, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

This case is overwhelmed and confused with needless and useless instructions, but the real issues are contained in a very narrow compass. The plaintiff sued the defendant to recover the sum of $300, being the balance alleged to be due on the sale and delivery of four mules. The defense set up in the answer was that at the time the contract was made, the plaintiff's father owed a note to one Mason for $558 on which defendant was surety, and that he also owed Mason the further sum of $300 for the rent of a farm,

and that it was agreed between the parties that defendant should pay the remaining $300 in extinguishment of the note and the obligation for rent, if that amount remained due when the same was paid.   There was then an averment that the defendant had paid the full amount on the note and the contract of rent.   There is no question raised about the defendant's paying the entire amount of his indebtedness for the mules to Mason, but it seems that before the note was wholly paid off some of the money was entered as a credit on the obligation of rent.   The plaintiff's theory of the case seems to be that the duty was to pay the note first, and then if there was any balance remaining due it might be applied to the payment of the rent ; and that, therefore, any payment made on the obligation of rent before the note was fully paid off and discharged, did not bar the plaintiff's right to recover the amount thus unauthorizedly paid.   There was evidence tending to support the view that the agreement was that the note should be fully paid off before anything should be applied to the debt due for rent, and the plaintiff's instructions in this respect were well enough.

But, on the other hand, the defendant made the direct point in his answer, and there was some evidence tending to show, that the price of the mules was to be appropriated to the payment of the debts generally.   Some of the witnesses swear that when plaintiff brought the mules to the defendant he said they were for the payment of his father's debts.   Under these circumstances the seventh instruction which was asked for the defendant and refused by the court should have been given.   Instructions should cover the whole case and take in all the testimony.   It is the province of the jury to determine on which side the preponderance of evidence attaches, but courts by their instructions should submit and present to them the whole case.

The judgment will be reversed and the cause remanded.   Judge Adams concurs.   Judge Bliss absent.