THE UNITED STATES EXPRESS COMPANY, Appellant, vs. JENKINS, Respondent.

*November 5 — December 1, 1885.*

EVIDENCE: COURT AND JURY. *(1) Same evidence in criminal and civil action. (2) Circumstantial evidence: Misleading instructions.*

1. Though in a criminal action certain evidence was held sufficient to sustain a conviction for receiving stolen money, yet it does not necessarily follow that, upon substantially the same evidence in a civil action against the same defendant to recover the money, the court should direct a verdict for the plaintiff.

2. In an action for money had and received the evidence for the plaintiff was wholly circumstantial. The instructions to the jury separated the collateral facts shown and stated as to each that it was not sufficient of itself to warrant a verdict for the plaintiff, and also stated that, in order to recover, the plaintiff must show that the defendant actually took the money, or actually obtained and improperly kept that same identical money. The jury was not instructed as to the nature and effect of circumstantial evidence. *Held,* that the instructions given were misleading.

APPEAL from the Circuit Court for *Crawford* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

This action is to recover moneys alleged to have been received by the defendant from the plaintiff, and which the former refused to pay over on demand. The answer was a general denial. The court gave no general charge, but did state to the jury the plaintiff's claim, and did give to them several instructions at the request of the defendant, to the

effect that they must exclude from their minds "all reports, statements, and rumors . . . not in evidence;" that they must determine the facts from the evidence given in court; that they must find for the defendant unless it had been proven "that the defendant himself took" the money, or a part of it, from the plaintiff's safe, or obtained, and improperly kept it, or some part of it, after it was taken by somebody else; that "the possession of money not identified as the same, or a part of the same, money taken . . . raises no presumption whatever that it was that same money, or a part of it;" that "the sudden bettering of the defendant's circumstances, and his possession of more money than his neighbors generally supposed he had, if proven and wholly unexplained," were not sufficient to justify a verdict for the plaintiff, but was "a circumstance" for them to consider; that it was "not sufficient to entitle the plaintiff . . . to recover that it should prove that the defendant might have taken the money from its safe, or that he might have received it, or a part of it, from some person, or that he might have found it, or a part of it;" that "evidence that the defendant was poor before June 29, 1882, and had considerable sums of money afterwards, is not sufficient to justify" them "in finding against the defendant," but was a circumstance for them to consider. The court also gave to the jury this instruction, to which special exception is taken: "To entitle the plaintiff company to recover it must have proven here in court before you that the defendant *actually* did take that money from its safe, or that he *actually obtained and* improperly kept *that same identical* money, or some part of it. And *unless* the plaintiff company has so proven, you will find for the defendant."

Under these instructions the jury returned a special verdict to the effect (1) that after the arrival of the train of cars at Boscobel, 9:30 P. M., on the night of June 29, 1882, the plaintiff's employees left in its safe at that place $2,800;

(2) that the same was stolen or embezzled therefrom on that night; (3) but that the defendant did not have or receive any part of it, *knowing* that it had been embezzled or stolen *from the plaintiff's safe;* and (4) the jury also returned a general verdict in favor of the defendant. From the judgment entered upon the verdict the plaintiff appeals.

For the appellant there was a brief by *Brooks & Dutcher,* and oral argument by *Mr. Brooks.*

For the respondent there was a brief by *Bushnell & Watkins,* and oral argument by *Mr. Bushnell.*

CASSODAY, J. The defendant was tried and convicted upon the charge of having received a portion of the money named, knowing that it had been stolen. He then brought that case to this court on writ of error, and urged a reversal in part upon the ground that the evidence was insufficient to support the verdict. The judgment was affirmed, and so it was held that the evidence was sufficient to sustain the conviction. *Jenkins v. State,* 62 Wis. 49. Counsel for the plaintiff seems to think that the opinion of Mr. Justice LYON in the criminal case required the trial court, upon similar evidence in this case, to direct a verdict for the plaintiff. This contention seems to be based upon a misconception of the functions of both court and jury. It was the province of the jury to pass upon the facts. They have done so. If there is no intervening error, the verdict will not be disturbed. The evidence in the record before us is quite similar to the evidence in the criminal case. Its nature and character are sufficiently indicated in the report of that case, to which reference is made. It is enough here to say that the evidence is wholly circumstantial. Such evidence generally presents to the jury the duty of balancing probabilities. In such cases the certitude of the verdict is rarely susceptible of demonstration.

As applied to such evidence we are convinced that the

instructions given naturally tended to mislead the jury, especially the portion to which exception was taken. The fact that most of the instructions were prepared by and given at the request of the defendant's attorney did not render them any less likely to mislead. They gave the defendant's side of the case with repetition and emphasis, and only referred to the plaintiff's side by way of negativing certain portions of its evidence. True, the plaintiff's counsel were at liberty to present counter-instructions covering its side of the case, but they did not. Ordinarily, where the charge of the court does not cover all phases of the case, counsel is bound to call the attention of the court to the omitted portion by an appropriate request, or be precluded from making it available as error. But, even then, the instructions given must not tend to mislead the jury. In the case before us, under the instructions given, the jury might well have supposed that the plaintiff, in order to recover, was bound to prove before them in court by *direct* and *positive* testimony " that the defendant *actually* did take that money from its safe, or that, he *actually* obtained and improperly kept that same *identical* money, or some part of it."

Since the evidence was all circumstantial, it is obvious that neither the act of taking, obtaining, keeping, nor identifying was proved by direct and positive testimony. A similar instruction had previously been given, but in a less objectionable form. " Circumstantial evidence is defined to be where the proof applies immediately to collateral facts supposed to have a connection, near or remote, with the fact in controversy." *Eberhardt v. Sanger*, 51 Wis. 78; *Bouck v. Enos*, 61 Wis. 663, 664. In such a case it is " obviously misleading to separate each collateral fact going to make up the chain of circumstances which would, together, thus force conviction of the principal fact in controversy, and then with qualification instruct the jury that such isolated

collateral fact was not sufficient of itself to establish such principal fact." *Ibid.* Here that was done as to certain isolated collateral facts, without any instruction as to the nature or effect of circumstantial evidence, or whether the jury were at liberty to find for the plaintiff upon such circumstantial evidence. By thus entirely ignoring the plaintiff's case, based as it was wholly upon circumstantial evidence, except to weaken certain features of it, and then giving undue prominence to the fact of actually taking, actually obtaining, and improperly keeping that same identical money, it is easy to perceive how the jury may have been induced to believe that there was no such testimony in the case as would support a verdict for the plaintiff. It is very much as though the jury had been instructed that they must be so convinced beyond a reasonable doubt. Partial and one-sided instructions, tending to secure the result indicated, are certainly erroneous. Instructions to the jury should cover the whole case and take in all the testimony. *First Nat. Bank v. Currie*, 44 Mo. 91; *Ellis v. McPike*, 50 Mo. 574; *Raysdon v. Trumbo*, 52 Mo. 35; *Jones v. Jones*, 57 Mo. 138; *Calef v. Thomas*, 81 Ill. 479; *Chicago P. & P. Co. v. Tilton*, 87 Ill. 547.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.