THE UNITED STATES EXPRESS COMPANY, Respondent, vs. JENKINS, Appellant.

*January 30 — February 19, 1889.*

*(1) Deposition taken in another action: Stipulation: Second trial. (2) Special verdict: When request to be made. (3, 4) Stolen property: Recovery from receiver: Preponderance of evidence sufficient: Defendant's refusal to testify.*

1. A stipulation that a deposition taken in another action may be read and used upon the trial of the action in which such stipulation is made, gives the right to have it read and used upon a second trial of the latter action.

2. Where the request for a special verdict is not made until after the commencement of the argument to the jury, it is not error to refuse it.

3. In an action to recover money which the defendant has been convicted of receiving knowing that it had been stolen from the plaintiff, the latter may recover upon a preponderance of the evidence. It is not necessary in the civil action to show any guilt on the part of the defendant.

4. If, in such civil action, the defendant declines to explain how he came by the money which it is alleged belonged to the plaintiff, that fact, though not evidence that the money was the plaintiff's, may nevertheless be considered by the jury as corroborating the plaintiff's evidence.

APPEAL from the Circuit Court for *Crawford* County. Action to recover money had and received. The cause was before this court on a former appeal, and is reported in 64 Wis. 542. When the case was called for the second trial, at the November term, 1886, the plaintiff applied for a con-

tinuance because of the absence of certain witnesses whose testimony was material to his defense.    The affidavit upon which such application was based did not specifically state that the defendant had been advised by his counsel that he had a valid and substantial defense to the action in whole or in part; nor did it state that the witnesses in question were not absent by defendant's consent, connivance, or procurement.    The circuit court denied the application. Other facts will sufficiently appear from the opinion.

*John D. Wilson*, for the appellant.

*T. J. Brooks*, for the respondent.

TAYLOR, J.   This is an action to recover for money had and received by the defendant for the use of the plaintiff. The answer was a general denial.   On the trial in the circuit court the plaintiff recovered, and from the judgment entered in his favor the defendant appeals to this court.

The learned counsel for the appellant alleges the following as errors occurring on the trial in the court below: (1) That the court erred in refusing to grant a continuance of the action on the application of the defendant; (2) that the court erred in permitting the deposition of John Day to be read in evidence against the objection of the defendant; (3) that the court erred in refusing to direct a special verdict by the jury; (4) errors in the instructions of the learned circuit judge to the jury.

There was some contention upon the argument that the evidence fails to support the verdict.   We think there is no ground for this contention.   The action was brought to recover from the defendant the same money which he had been convicted of receiving knowing the same to have been stolen from the plaintiff.   There is no claim but that the evidence in this action made as strong a case against the defendant as the case of the state against the defendant.   In the case of *State v. Jenkins*, upon writ of error, it was

strongly pressed upon this court that the conviction of the defendant was not sustained by the evidence, and after a careful consideration of that case this court came to the conclusion that the evidence sustained the conviction, and refused to set aside the verdict and grant a new trial. See *Jenkins v. State*, 62 Wis. 49. If the evidence was sufficient to sustain a conviction in the criminal case, there can be no question as to its sufficiency to sustain the verdict in this case.

That the court refused to grant a continuance of the action upon the application of the defendant was a matter very much in the discretion of the trial court, and we find nothing in the case to show that the court abused its discretion in this matter. The affidavit upon which the continuance was asked did not conform to the requirements of the rules of court in such cases.

1. It is urged that it was error to permit the deposition of John Day to be read in evidence. This deposition was read in evidence under the following stipulation of the parties to the action:

" *United States Express Co. vs. Joseph Jenkins.*

" *Cynthia Jenkins vs. J. B. Davis et al.*

" It is hereby stipulated and agreed by and between the parties in both the above-entitled actions, by their respective attorneys, that the evidence and testimony of the following named witnesses, to wit: R. Pike, Chas. A. Miller, Daniel Clark, A. J. Pipkin, Morris Carroll, H. McReynolds, M. McSpaden, J. W. Sanger, G. Guentzel, J. McGlaughlin, A. Dexter, A. Alderman, R. Spiegelberg, Wm. Nauert, James Kerr, S. Bartholemew, J. Sidler, and John Day,— given on the trial of the *State of Wisconsin vs. Joseph Jenkins*, tried at the February term, 1884, of the circuit court of Grant county,— be read in evidence in the trials of above-entitled actions, from the reporter's minutes of said testimony as taken on said trial of *State v. Jenkins*, and

that the same be read and used upon the trial of such actions as evidence in said actions; and it is further stipulated and agreed that the testimony of said witnesses, as given at said trial of *State v. Jenkins,* is what they would swear to if present at the trial of said actions, and the same is to be subject to any proper objections as to competency, materiality, or otherwise; and those cases not to be taken up before Thursday, 29th inst.

"THOMAS & FULLER and BROOKS & DUTCHER, Attorneys for U. S. Ex. Co. and the Sheriff.

"BUSHNELL & WATKINS and ALEX. PROVIS, Attorneys for Joseph & Cynthia Jenkins.

" *Dated May 10th, 1884.*"

This deposition was read on a previous trial of this action, in which a verdict was obtained by the defendant, which was reversed on appeal by this court, and a new trial directed.   See 64 Wis. 542.   It is contended by the learned counsel for the defendant that the stipulation only authorized the reading of said testimony or deposition on the former trial, and does not give the right to have it read on the new trial ordered by this court.   We are of the opinion that the stipulation is broad enough to permit the reading of the evidence in any trial of the action which is necessary to determine the rights of the parties in said action.

2. The statute giving the right to a party to demand a special verdict in any case, requires that such demand must be made " at or before the close of the testimony and before any argument to the jury is made or waived."   See sec. 2858, R. S.   In this case the demand for a special verdict was not made until after the testimony in the case was closed, and after the plaintiff had commenced his argument to the jury.   The demand came too late to make it the duty of the court to direct a special verdict, and it was in the discretion of the judge whether he would grant it or not.   There was no error, therefore, in not granting the

request for a special verdict. *Lockhart v. Fessenich*, 58 Wis. 588.

3. Exceptions are taken to nearly all the instructions given by the learned judge to the jury. After reading the instructions as they are found in the record, we find nothing to which exception can be justly taken. There are, in fact, but two which seem to be relied upon as erroneous in this court. The first is that it was error to charge the jury in this case that " the plaintiff must recover upon the preponderance of the testimony. It is not necessary that you should be convinced beyond a reasonable doubt," etc. It is claimed by the learned counsel for the defendant that, in order to entitle the plaintiff to recover in this action, it is necessary to convict the defendant of a crime, and that therefore the rule as to the sufficiency of evidence in criminal cases should be applied to this case. There are two answers to this proposition: (1) The rule contended for by the learned counsel for the appellant has been repudiated by this court (see *Washington Union Ins. Co. v. Wilson*, 7 Wis. 169; *Wright v. Hardy*, 22 Wis. 348; *Blaeser v. Milwaukee M. M. Ins. Co.* 37 Wis. 37; *Hartwig v. C. & N. W. R. Co.* 49 Wis. 358; *Whitney v. Clifford*, 57 Wis. 156); and (2) the plaintiff might recover in this action without showing any guilt on the part of the defendant. The action is for money had and received for plaintiff's use, and all it would be necessary to prove on the part of the plaintiff to establish its right to the money in the hands of the defendant would be that the money found in his possession was the money of the plaintiff, that it had not come to the hands of the defendant by the assent of the plaintiff, either express or implied, and that the money had been demanded of the defendant.

It is also objected that the court commented to the jury upon the fact that the defendant, although in court and having the right under the law to testify in the action in

his own behalf and explain, if he could, how the money in question came into his possession, declined so to do; and stated to the jury that they might consider that fact in coming to a conclusion as to the ownership of the money in question.    This being a civil action, the statute rule in criminal cases does not govern the case, and the rules of law applicable to civil cases must apply.    When the case which the evidence of the plaintiff tends to establish is such that if not in reality the truth of the matter, and the evidence to disprove it is in the power of the defendant to produce in court, his neglect or refusal to produce it is to be taken as a circumstance against him.    It is a kind of suppression of evidence which courts have always disapproved.    See 2 Whart. Ev. (2d ed.), §§ 1266–1268, and cases cited in notes.    In *Brown v. Schock*, 77 Pa. St. 471, where the question to be tried was the identity of the plaintiff, his refusal or neglect to appear in person in the court was held to be a circumstance which might be considered against him.    So the refusal to produce documents which are in the possession of the opposite party and have been called for and parol evidence of the contents given, if there be doubt as to the interpretation of the contracts upon such parol evidence, the interpretation most unfavorable to the party suppressing the evidence will be adopted. See *Cooper v. Gibbons*, 3 Campb. 363; *Crisp v. Anderson*, 1 Starkie, 35; *Hanson v. Eustace's Lessee*, 2 How. 653; *Clifton v. U. S.* 4 How. 242; *Barber v. Lyon*, 22 Barb. 622; *Cross v. Bell*, 34 N. H. 83; *Life & F. Ins. Co. v. Mechanic F. Ins. Co.* 7 Wend. 31.    There is a strong presumption that the defendant must have known when and of whom he obtained the money in question, and he could have explained that matter to the jury by his own testimony.    He was not bound to do that, but if he failed to do it he left himself subject to the suspicion that he could not explain it in a way to defeat the contention of the

plaintiff upon the subject. His declining to explain how he came by the money is not evidence that the money was the money of the plaintiff, but, in the language of this court in the case of *Hinton v. Wells*, 45 Wis. 272, "it is a fact to be taken into consideration as corroborating the evidence of the plaintiff." We think the remarks of the learned judge upon this subject were sufficiently guarded, within the rules of law applicable to questions of a similar nature.

We think the case was fairly tried, and submitted to the jury upon instructions to which there can be no reasonable objections.

*By the Court.*— The judgment of the circuit court is affirmed.