ALFORD, Appellant, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*September 30 — October 17, 1893.*

*Railroads: Injury to passenger alighting from train: Court and jury.*

In an action against a railway company for personal injuries sustained by plaintiff while leaving a train, where her evidence tended to show that she left her seat, with her baby in her arms, when the train stopped, and proceeded with reasonable diligence to the front platform, and that while in the act of alighting with her husband's assistance the train started and threw her to the ground, it was error to direct a verdict for defendant, although the evidence on its behalf tended to show that she did not start to leave the train until it was again in motion, and in fact jumped from the train while it was moving.

APPEAL from the Circuit Court for *Marathon* County.

Action to recover for personal injuries. Plaintiff and her husband were passengers on defendant's passenger train, and had tickets for a station called Heights. The conductor took their tickets, and knew that they were to get off at that station. They had several bundles, and plaintiff had a baby about a month old with her. The brakeman called the station as the train approached it, and went to the back end of the car to assist the passengers to alight. Plaintiff testifies that she and her husband were sitting near the front of the car, and as the train stopped they left their seats and went to the forward platform, the husband going first with the bundles, and she following with the baby. No employee was at the front platform to assist them. She further testifies that her husband got off the car, and had one foot on the station platform, and one on the step of the car, and that she was on the second step, holding the baby, and her husband was trying to lift her off, when the train started and she was thrown thereby to the platform and injured. She thought the train stopped

somewhere between fifteen and thirty seconds. There was evidence on the part of defendant tending to show that the train stopped nearly or quite two minutes, and that both plaintiff and her husband negligently delayed in leaving the car, and jumped from the car while the train was moving. The accident happened in the evening about 9 o'clock, and it was dark. A verdict for defendant was directed, and from judgment thereon plaintiff appealed.

For the appellant there was a brief by *Mylrea, Marchetti & Bird*, and oral argument by *C. B. Bird.*

*G. P. Cary*, of counsel, for the respondent.

WINSLOW, J. We think this case should have been submitted to the jury. The plaintiff's evidence tended to show that she started from her seat, with her baby in her arms, when the train stopped, and proceeded with reasonable diligence to the front platform, and that while in the very act of alighting with her husband's assistance the train started and threw her to the ground. It is true there was evidence on the contrary, which tended to show that she did not start to leave the train until it was again in motion, and in fact jumped from the train while it was moving. But the plaintiff was entitled to have her statement of the facts passed upon by the jury. If it was a fact that she exercised due diligence in leaving the train after it stopped, and that the train started while she was obviously in the act of alighting, it is very clear that this would constitute negligence on the part of the company. *Davis v. C. & N. W. R. Co.* 18 Wis. 175; 2 Am. & Eng. Ency. of Law, 762. The case is not like that of *Jewell v. C., St. P. & M. R. Co.* 54 Wis. 610, where the passenger deliberately stepped from the train while in motion.

*By the Court.*— Judgment reversed, and action remanded for a new trial.