GODFREY COMPANY, Respondent, v. CRAWFORD and others, Appellants.

*February 6—March 3, 1964.*

For the appellants there was a brief by *Foley, Sammond & Lardner,* attorneys, and *Marvin E. Klitsner* and *Eugene C. Daly* of counsel, all of Milwaukee, and oral argument by *Mr. Klitsner.*

For the respondent there was a brief and oral argument by *Ray T. McCann* of Milwaukee.

CURRIE, C. J. The crucial issue on this appeal is whether, under the terms of the contract for sale of real estate entered into between the plaintiff buyer and the individual defendant sellers, the buyer had the right prior to March 1, 1963, to waive the condition with respect to revision of the zoning ordinances.

The amended complaint alleges that the provision in the contract, which provided that the buyer, the sellers, and an adjoining owner would petition the Milwaukee common council for a change in zoning before January 3, 1963, was for the protection of the buyer. Defendants point out that this allegation does not carry over and apply to the further provision of the contract that, if the zoning revision was not consummated by March 1, 1963, then the contract should become null and void and all moneys paid by the buyer should be returned to him. Defendants contend that this latter provision was for the benefit of both the buyer and the sellers.

We agree with defendants' contention that the provision in the contract, that it was to become null and void upon the failure to consummate the zoning revision by March 1st, is obviously for the protection of the sellers as well as the buyer. It is for the protection of the buyer because nonfulfilment of the zoning revision cancels its liability on the contract and enables it to recover any prior payments made on the purchase price. It is for the protection of the sellers because such nonfulfilment also terminates their liability on the contract and leaves them free to immediately sell the premises to someone else. Without such a provision the sellers might well have their property tied up for a long period of time should a court find that time was not of the essence with respect to accomplishing the zoning revision. If at the end of such time the buyer defaulted, the sellers in the meantime could have lost an opportunity of an advantageous sale to someone else. The cases of *Peyer v. Jacobs* (1957), 275

Wis. 364, 82 N. W. (2d) 202, and *Long Investment Co. v. O'Donnell* (1958), 3 Wis. (2d) 291, 88 N. W. (2d) 674, illustrate the unfortunate predicament in which sellers of real estate may find themselves where time of performance is held not to be of the essence.

The fact that this particular provision is held to be for the benefit of the sellers as well as the buyer, however, does not in itself preclude the buyer from waiving prior to March 1, 1963, the condition that the zoning revision be consummated by March 1, 1963. This is because it is alleged in the amended complaint that the zoning change was for the protection of the buyer, and the general rule is that a party to a contract can waive a condition that is for his benefit. *Fun-N-Fish, Inc., v. Parker* (1960), 10 Wis. (2d) 385, 389, 103 N. W. (2d) 1; 1 Black, Rescission and Cancellation (2d ed.), p. 623, sec. 219; 3 Williston, Contracts (rev. ed.), p. 1987 *et seq.,* sec. 689; 12 Am. Jur., Contracts, p. 919, sec. 354.

By permitting the buyer to waive the condition with respect to zoning revision, providing such waiver occurs prior to the specified cutoff date of March 1, 1963, there is no interference with the protection afforded sellers by the provision in the contract that, if the zoning revision is not consummated by that date, the contract is rendered null and void. The prior waiver has the same effect as a consummated zoning revision insofar as the rights of the sellers are concerned. In either event the buyer is absolutely obligated to pay the balance of purchase price on the closing date of March 1, 1963. The sellers have no protectible interest in whether or not the zoning revision has been consummated as such, but only in knowing on March 1, 1963, that either (1) the buyer is absolutely bound to immediately pay the balance of purchase price, or (2) the contract is at an end and they are immediately free to sell to someone else.

In view of the foregoing we hold that plaintiff buyer did have the right prior to March 1, 1963, to waive the contract

provision with respect to the consummation of the zoning revision by that date. By so doing we do not consider that we have rewritten or reformed the agreement of the parties, but have merely given effect to the well-recognized principle that a party may waive a provision inserted in a contract for his benefit. Defendant sellers contend that such a construction will do violence to their rights, because they relied to their detriment in agreeing to sell to the corporate defendant contingent upon no zoning revision's having occurred by March 1, 1963. The answer to this contention is that the contract clause which defendants claim to have relied upon was always open to the contingency that the courts would construe it as we have done. They acted at their peril in so acting as not to protect themselves against such a contingency.

The most-potent argument advanced by defendants is the fact that the contract between plaintiff and the individual defendants specifically authorized plaintiff to waive title defects, but is entirely silent with respect to its right to waive the consummation of the desired zoning revision. In a close case where the scales are somewhat evenly balanced between one interpretation and another, this might well be the decisive factor in arriving at the court's decision. We do not consider, however, that this is such a close case. Defendants have failed to point out any way in which the defendant sellers' protection is weakened in the slightest degree by the interpretation adopted by this court.

Inasmuch as the corporate defendant is alleged to have known of the provisions of the contract existing between plaintiff and the individual defendants prior to its purchase of the premises, its rights can rise no higher than that of its grantors, the individual defendants.

*By the Court.*—Order affirmed.